IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID MARTINEZ,

        **Plaintiff,**

vs.                                                                 No. CIV 04-1136 LCS/LAM

CITY OF LAS CRUCES, NEW MEXICO,
and OFFICERS TODD FROATS and
M. RICKARDS, in their Individual
Capacities,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, filed April 1, 2005. [Docket # 28]. The Court, acting upon consent and designation, pursuant to 28 U.S.C. § 636(c), and having reviewed the Motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that Defendants' Motion is not well-taken and should be **DENIED**.

    **I.**    **Procedural History**

This case arises out of an incident which occurred in Las Cruces, New Mexico in the early morning hours of August 16, 2003. At approximately 2:00 a.m. on that morning, Defendants were called to the parking lot of Graham's Central Station, a local nightclub, to disperse a crowd that had gathered and to contain a disturbance that had apparently broken out at the location. [Def. Ex. A, E]. Plaintiff and his brother were present in the parking lot when the officers arrived. [Compl. ¶ 3].

At this point, Plaintiff's and Defendants' versions of the facts diverge. Plaintiff contends

he and his brother were attempting to leave the parking lot when, without having committed any offense, he was attacked without provocation by Defendants Froats and Rickards. [Pl. Ex. A, B]. Plaintiff claims that Officer Froats suddenly grabbed him and he, not knowing he had been grabbed by a police officer, attempted to defend himself from an unknown assailant. [Pl. Ex. A]. When Plaintiff turned, he was struck in the leg numerous times with a baton by Officer Froats. Plaintiff's brother, Michael Martinez, states Plaintiff was then grabbed from behind and thrown headfirst into a car by an unknown officer. [Pl. Ex. B]. Plaintiff further states that, after falling to the ground, numerous officers jumped on his back and proceeded to handcuff him, after which he was sprayed in the face with mace. [Pl. Ex. A, B].

Mr. Martinez further asserts that, while lying on the ground, he was searched by the officers, whereupon a pocket knife was discovered in his pocket that had previously been hidden from view. [Pl. Ex. A]. Plaintiff was then arrested. He states that immediately after being released from the Doña Ana County Detention Facility he sought medical treatment for a contusion to the right hip, bruises to the right leg, and dizziness and headache. Id. Mr. Martinez contends that Defendants did not, at any time prior to attacking him, announce their authority or their intention to arrest him. Id.

Defendants have provided the Court with a contrary version of the facts. Officers Froats and Rickards contend that they asked Plaintiff and his brother to leave the parking lot twice on the evening in question. [Def. Ex. A, E]. After asking Plaintiff to leave for the second time, they indicate that Plaintiff became defensive and began yelling at them. [Def. Ex. A]. Plaintiff's brother attempted to pull Plaintiff away from the officers and the two began walking away. Defendants followed Plaintiff and his brother at a distance of five or six feet. [Def. Ex. A, F]. One of them informed the officers they did not need them to walk them to their vehicle, whereupon

Officer Rickards stated that he did need to walk them to the vehicle. [Def. Ex. A].

Officer Froats contends he then saw Plaintiff say something to his brother and move his hands below his waist where Officer Froats observed, in plain view, a knife clipped to the inside of Plaintiff's pocket. Id. Defendant Froats then took the knife from Plaintiff's pocket and informed Plaintiff he was under arrest. Id. The officers state that Plaintiff then began swinging at Officer Froats and that Officer Rickards then applied an arm-bar takedown technique to the Plaintiff. [Def. Ex. A, F]. Defendants state that Plaintiff continued to resist and that he struck Officer Rickards and attempted to charge Officer Froats, whereupon both Defendants drew their ASP batons and begin to strike Plaintiff, with little apparent effect. Id.

Defendants contend they were then assisted by three other officers at the scene to subdue Plaintiff. [Def. Ex. A, E, F]. Officer Lucero states he informed Plaintiff he was going to administer OC spray[1] and then administered the spray to Plaintiff's eyes. Id. Plaintiff was then taken to the ground and handcuffed. At some point during the struggle, Defendants state Plaintiff hit his head on a vehicle in the parking lot. [Def. Ex. F]. Plaintiff was allowed to rise and walk to Officer Gomez's vehicle in which he was transported to the Las Cruces police station. [Def. Ex. G].

Plaintiff was booked into custody at the police station. Defendants state that an EMS team from the Las Cruces fire department was called to attend to any injuries Plaintiff might have sustained. [Def. Ex. F]. Photographs were taken at the station of Plaintiff which showed visible bruises and some discoloration of the scalp. [Def. Ex. C]. Defendants state that Plaintiff

---

[1]OC (oleoresin capsicum) spray is a kind of pepper spray used by the police to subdue a violent suspect. *See* Def. Ex. E.

consented to having his eyes washed out, but refused further medical treatment. Id.

**II      Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, as well as any affidavits, "show that there is no genuine issue as to any material fact." *Id*. When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Svcs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

Generally, the Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.* 398 U.S. 144, 157 (1970). However, "[w]hen a defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to meet a strict, two-part test." *Whitesel v. Sengenberger*, 222 F.3d 861, 872 (10th Cir. 2000). The plaintiff must demonstrate that: 1) the defendant's actions violated a constitutional or statutory right, and 2) the constitutional or statutory right allegedly violated by defendant was clearly established at the time of the conduct at issue. *Albright v. Rodriguez*, 51 F.3d 1531, 1534-35 (10th Cir. 1995). For the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains. *Oliver v. Woods*, 209 F.3d 1179, 1185 (10th Cir. 2000). If, and only if, plaintiff has established both elements of the test does a defendant bear the traditional burden of showing that there are no genuine issues of material fact and that he is

entitled to judgment as a matter of law. *Albright*, 51 F.3d at 1535; *See also Celotex v. Catrett*, 477 U.S. 317, 323 (1986).

**II     Analysis**

Plaintiff has satisfied his burden of stating a violation of a known constitutional or statutory right by asserting that he was attacked by Defendants without provocation. Defendants however dispute that Plaintiff has not satisfied his burden and assert that they are entitled to qualified immunity. Specifically, Defendant Officers argue they did not violate Plaintiff's Fourth Amendment right to be free from unreasonable seizures because they had probable cause to arrest him. They further argue that Plaintiff cannot prevail on his claim of excessive force because the force used was reasonable under the circumstances. Finally, Defendants argue that, because Defendants Froats and Rickards are entitled to qualified immunity, Defendant City of Las Cruces is also entitled to summary judgment under 42 U.S.C. § 1983. Although Defendants' arguments would be persuasive if there was no factual dispute, here there are disputes as to genuine issues of material fact such that summary judgment is not appropriate on any of Plaintiff's claims

**A.     Unreasonable Seizure under Fourth Amendment**

Turning to Plaintiff's claim that Defendants violated his Fourth Amendment right to be free from unreasonable seizure, I must first analyze the constitutionality of a warrantless arrest under the probable cause standard, thus determining if Plaintiff has stated a claim for violation of the Fourth Amendment. A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime. *See Tennessee v. Garner*, 471 U.S. 1, 6-8 (1985). "Probable cause exists if facts and circumstances within the arresting officer's knowledge . . . are sufficient to lead a prudent person to believe the arrestee has committed or is committing

an offense." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer will be entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest plaintiff. *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). Even law enforcement officials who reasonably, but mistakenly, conclude that probable cause exists to effect an arrest are entitled to immunity. *Id*. at 227.

Turning to the instant case, Plaintiff has asserted a violation of his Fourth Amendment rights sufficient to defeat the defense of qualified immunity. *Romero*, 45 F.3d at 1476; *see also Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991). Plaintiff asserts that he was subjected to an illegal arrest because Defendants did not have probable cause to seize him and place him under arrest. Defendants raise a number of objections to this argument.

Defendants first argue that Officer Froats had probable cause to believe Plaintiff had committed an offense under the Las Cruces Municipal Code 1997, § 19-163, which makes it a crime to carry a concealed, deadly weapon anywhere. Defendant argues that, because Plaintiff was carrying a knife clipped to his belt, he was acting in violation of this ordinance, thereby providing Officer Froats with probable cause to effectuate an arrest.

In analyzing a warrantless seizure of incriminating evidence, it is essential that an officer has not violated the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed. *Horton v. California*, 496 U.S. 128, 136 (1990). The Supreme Court has outlined two additional conditions that must be satisfied to justify the warrantless seizure. First, the item must not only be in plain view, but its incriminating character must also be immediately apparent. *Arizona v. Hicks*, 480 U.S. 321, 326-27 (1987). Second, the officer must have a lawful

6

right of access to the object itself. *Horton*, 496 U.S. at 137.

Plaintiff asserts that Defendants could not have known he was carrying a knife at the time of his detention because the knife was in his pocket, which was in turn covered by his shirt. [Pl. Ex. A]. He further claims that Defendants only discovered the knife when he was searched after being handcuffed. Id. Because a genuine issue of material fact exists as to whether the knife was in plain view to the officers, there is a question as to whether the initial seizure and arrest of Plaintiff was supported by probable cause. There is a dispute in the record as to whether the officers found Plaintiff's knife before or after effectuating the arrest. Plaintiff has therefore claimed a violation of a clearly establish Fourth Amendment right, as required under *Albright*, and the argument that the Defendants had probable cause to arrest Plaintiff does not suffice to grant summary judgment in favor of Defendants.

Defendants also contend that they had probable cause to arrest Plaintiff for criminal trespass. Plaintiff has asserted that he was in fact attempting to leave the scene as requested when he was arrested by defendants. [Pl. Ex. A]. Defendants argue there was probable cause to believe Plaintiff had violated the Las Cruces Municipal Code. Defendants rely for this argument on the recent Tenth Circuit decision in *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005). In *Tanberg*, the Court held that a police officer was justified in making a warrantless arrest for a misdemeanor when he had probable cause to believe the offense occurred in his presence. *Id*. at 1157. The Court in *Tanberg* rejected Plaintiffs' argument in that case that the municipal ordinance in question required a specific intent for a violation. *Id*. That ordinance stated: "No person shall remain in, occupy, or use any park in the city which is closed to public use." *Id*. at 1158.

The ordinance at issue in this case, § 19-42(a) states:

> Criminal trespass . . . consists of unlawfully entering or remaining upon the lands of another, knowing that such consent to enter or remain is denied or withdrawn by the owner or occupant thereof.

Unlike the ordinance at issue in *Tanberg*, the Las Cruces ordinance implies that the individual must have knowledge that he does not have consent to remain on the premises before he is guilty of violating the ordinance. *Tanberg* is therefore distinguishable from the present case.[2]

Plaintiff claims he was attempting to leave the premises as instructed when he was arrested. Again, there is a dispute as to a genuine issue of material fact. In asserting that he was arrested without probable cause, Plaintiff has stated a claim for a violation of the Fourth Amendment, a right that was clearly established at the time of this incident, sufficient to defeat Defendants' assertion of qualified immunity. The burden thus shifts to Defendants' to demonstrate that no dispute exists as to a genuine issue of material fact. This Defendants have not done. Because disputes exist as to genuine issues of material fact in this case, summary judgment on Plaintiff's claims of false arrest in violation of the Fourth Amendment is inappropriate and must be **DENIED**.

### B.     Excessive Force in Violation of Fourth Amendment

In reviewing Plaintiff's claim that Defendants used excessive force to effectuate arrest, the arrest should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach. *Bella v. Chamberlain*, 24 F.3d 1251, 1257 (10th Cir. 1994); *see also Graham v. Connor*, 490 U.S. 386 (1989). The officers' actions must

---

[2]*Tanberg* was also on appeal from a jury verdict and was not decided on a Motion for Summary Judgment. *Tanberg*, 401 F.3d at 1156.

have been objectively reasonable in light of the surrounding facts and circumstances. *Medina v. Cram*, 252 F.3d 1124, 1132 (10th Cir. 2001). A use of force is excessive and violates the Fourth Amendment if it is unreasonable under the circumstances a law enforcement officer confronts. *Graham*, 490 U.S. at 388. The first question I must consider under *Albright* is whether Plaintiff has claimed a violation of a known constitutional or statutory right. Under Plaintiff's version of events, he has stated a claim for a violation of his Fourth Amendment right to be free from excessive force.

Defendants argue however that the force used to arrest Plaintiff was reasonably proportionate to the danger posed by Plaintiff's resistance. Again there exists a dispute as to a genuine issue of material fact. Plaintiff has stated a claim for excessive force in violation of the Fourth Amendment by asserting that Defendants attacked him without provocation as he was attempting to comply with their instructions. The right to be free from such an attack was clearly established at the time of the incident giving rise to this case. *See Graham*, 490 U.S. at 388; *See also Mead v. O'Connor*, 344 P.2d 478, 479 (N.M. 1959). Therefore, Defendants are not entitled to qualified immunity on Plaintiff's claim of excessive force. *Albright*, 51 F.3d at 1535.

Moving to the traditional standard for analyzing a motion for summary judgment, Defendants must establish that there is no genuine issue as to any material fact. *See Celotex*, 477 U.S. at 323. This they cannot do. While the actions of Officers Froats and Rickards might have been reasonable given their version of events, there is a dispute as to this version. As such, summary judgment is inappropriate and may not be granted on this claim.

**Conclusion**

Upon review of the evidence presented in Defendants' Motion for Summary Judgment, I

have determined that: 1) Plaintiff has met his burden to defeat Defendants' claim of entitlement to qualified immunity, and 2) genuine issues of material fact remain on Plaintiff's claims for violations of the Fourth Amendment.  As such, Defendants' Motion for Summary Judgment is **DENIED**.

    **IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**